UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:24-CV-5726-DWC <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of his application for Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

## I. BACKGROUND

Plaintiff filed for DIB on April 13, 2021. Administrative Record (AR) 17. His alleged date of disability onset is May 1, 2020. *Id.* His requested hearing was held before an Administrative Law Judge (ALJ) on September 19, 2023. AR 43–73. On October 16, 2023, the ALJ issued a written decision finding Plaintiff not disabled. AR 14–42. The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision the final agency action subject to judicial review. AR 1–6. On September 4, 2024, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 5.

## II. STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III. DISCUSSION

State agency consultants Howard Atkins, Ph.D., and Jonathan Anderson, Ph.D., completed administrative findings at the initial and reconsideration levels in this matter. *See* AR 88–92. Relevant here, Dr. Anderson opined Plaintiff was limited to performing simple, repetitive tasks. *See* AR 105. The ALJ found the opinions "generally persuasive" and did not explicitly reject this particular limitation. *See* AR 32.

Plaintiff argues the ALJ failed to account for the consultants' repetitive tasks limitation in the residual functional capacity (RFC). Dkt. 9 at 3–6. The Commissioner concedes this was erroneous but argues it was harmless error. Dkt. 15 at 2–3. The Commissioner relies upon the Dictionary of Occupational Titles (DOT) in making this argument, contending that the DOT's

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 2

description of four of the occupations relied upon by the ALJ at step five[1] indicate the positions could still be performed by someone limited to only repetitive tasks. *See id.*

An error is harmless where it is inconsequential to the ultimate disability determination, which generally means the error "does not negate the validity of the ALJ's ultimate conclusion." *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

As an initial matter, the Court "may not uphold an agency's decision on a ground not actually relied on by the agency." *Id.* at 1121 (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). This is precisely what the Court would be doing in accepting the Commissioner's argument, as the ALJ did not rely upon any portion of the DOT in reaching his step five determination, let alone engage in any factfinding with respect to Plaintiff's ability to perform the jobs relied upon if limited to performing only repetitive tasks. *See* AR 35–36. The relevant question is whether the ALJ's decision itself remains valid despite the error. *Molina*, 674 F.3d at 1115. Because the error renders the only basis of the ALJ's step five finding (the vocational expert's testimony) insubstantial evidence, *see Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993), the answer is no.[2]

---

[1] The positions relied upon by the ALJ in concluding Plaintiff could perform work existing in significant numbers in the national economy were those of marker, routing clerk, production assembler, escort vehicle driver, and document preparer. AR 36. The Commissioner does not contend the document preparer position would remain if Plaintiff was limited to repetitive work activities. Dkt. 15 at 3.

[2] The Commissioner relies upon *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Dkt. 15 at 2. This case is inapposite. There, the Ninth Circuit found an error in omitting postural limitations harmless based on a social security ruling which would be binding upon the ALJ, SSR 96–9p. *Stubbs-Danielson*, 539 F.3d at 1174. Where consideration of a law binding upon the agency indisputably renders a particular error substantively immaterial, the error is harmless, *see Lotus Vaping Techs., LLC v. U.S. Food & Drug Admin.*, 73 F.4th 657, 674–75 (9th Cir. 2023) (concluding error in failing to evaluate evidence was harmless where agency guidance rejected that evidence), and *Chenery* does not foreclose such a finding where the applicable law shows the "asserted error clearly did not affect the outcome," *Prohibition Juice Co. v. U.S. Food & Drug Admin.*, 45 F.4th 8, 24–25 (D.C. Cir. 2022); *see also Lotus Vaping Techs.*, 73 F.4th at 674–75 (citing *Prohibition Juice*, 45 F.4th at 24–25). Here, on the other hand, the Commissioner's argument is premised upon information in the DOT. Although the DOT is reliable evidence, *see* 20 C.F.R. § 416.966(d), unlike a social security ruling, it would not be binding upon the ALJ on remand, *see* SSR 24-3p (allowing ALJs to accept vocational evidence over the DOT and acknowledging the DOT "is not the only reliable source of occupational information"), and therefore its contents do not show the ALJ's error is clearly immaterial.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 3

But even if the Court were to consider the Commissioner's argument, without further vocational evidence or expert testimony, the Court cannot "confidently conclude" the decision would remain the same had the RFC included a repetitive-tasks limitation. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). The Commissioner relies upon the fact that four of the occupations cited at step five require the temperament to perform "repetitive or short-cycle work."[3] Dkt. 15 at 3. This, alone, provides little evidence that the positions are consistent with performing only repetitive tasks. Temperament ratings reflect an assessment that a worker would need to adjust to a particular temperament to be successful in a position. *See* Department of Labor, Revised Handbook for Analyzing Jobs 10–1, 10–5 (1991). But the fact that a position requires adjusting to a particular temperament does not mean all the work done in that position involves tasks consistent with that temperament.[4] Thus, the ALJ's error in excluding a repetitive tasks limitation from the RFC was not harmless and requires reversal.

In his opening brief, Plaintiff also argues the ALJ erred in failing to properly account for the state agency consultants' limitations in Plaintiff's ability to interact with co-workers, in rejecting the consultants' limitations on public interaction, and in addressing the medical opinion of Dr. Rasmussen. Dkt. 9. Having concluded the ALJ committed reversible error, the Court need

---

[3] Temperament ratings are available as part of the online version of the revised fourth edition of the DOT on Westlaw, but do not appear in the published DOT or its companion, the Selected Characteristics of Occupations. *Compare, e.g.*, Marker, DICOT 209.587-034, 1991 WL 671802 (Westlaw version with temperament ratings) *with* Marker, Dictionary of Occupational Titles, Fourth Edition Revised 180 (1991) (print version without ratings); *see also* Westlaw, Dictionary of Occupational Titles (information button, little "i") ("Data records which were not previously published in the printed version of the Dictionary of Occupational Titles, 4th Edition - Revised 1991 are copyrighted by the North Carolina Occupational Analysis Field Center. Copyrighted component ratings specifically include: . . . Temperaments . . . .").

[4] Nor is the fact that the positions in question did not require the temperament to perform a variety of duties significant, since that temperament requires "frequent changes of tasks," *id.* at 10–2, and one can imagine positions requiring at least some non-repetitive tasks but not frequent changes of tasks.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 4

not consider these contentions. Rather, the Court directs that, on remand, the ALJ reassess the medical evidence and, if appropriate, reassess the RFC and his step five finding.

### IV.   CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 26th day of March, 2025.

David W. Christel
United States Magistrate Judge